# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CR-129 CAS |
| | ) | |
| CHARLES HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's second "Motion to Modify Term of Imprisonment Pursuant to the U.S. Title 18 USC § 3582(c)(2) Citing Amendment 706 to the United States Sentencing Guidelines," and a letter which the Court construes as a motion for appointment of counsel.

<u>Motion to Modify Sentence</u>

Defendant filed a motion to modify his sentence under 18 U.S.C. § 3582 on October 31, 2008. In an Order dated November 10, 2008, the Court denied defendant's motion to modify on the basis that defendant's sentence as imposed on March 13, 2008 already took into account, and gave defendant the benefit of, the lower base offense level provided by the November 1, 2007 revisions to Amendment 706 of the Sentencing Guidelines pertaining to crack cocaine. The Order denying defendant's first motion to modify his sentence specifically stated, "[D]efendant has already received the benefit of the amended guidelines for crack cocaine." Order Regarding Mot. for Sent. Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 54). Defendant did not appeal the denial of his first motion for modification of his sentence.

Defendant's second motion to modify his sentence appears to be virtually identical to his first motion, and asks the Court to give him the benefit of the two level reduction of Amendment 706, consider factors under 18 U.S.C. § 3553(a), and reduce his sentence to 60 months from 84 months. Defendant also asserts that he is eligible for the safety valve reduction.

Defendant's second motion must be denied. As the Court has previously stated, defendant has received the benefit of the Amendment 706 to the United States Sentencing Guidelines, and therefore is not entitled to further relief, as he has received all of the relief available under the Amendment. Because defendant's sentence is not eligible for modification under Amendment 706, the Court lacks jurisdiction to consider modification of the sentence pursuant to the Section 3553(a) factors or the safety valve provision.

Motion for Appointment of Counsel

Defendant's letter states that he has been attempting to contact his former attorney because he has "learned that the arresting officer's [sic] on my case has been wrongly accusing people of their crimes." Defendant is not entitled to the appointment of counsel with respect to a motion under 18 U.S.C. § 3582. See United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009). Further, defendant is not entitled to counsel under the Criminal Justice Act because his criminal case has ended and no appeal was filed. See 18 U.S.C. § 3006A(c). There is no basis for the appointment of counsel for defendant at this time. Defendant's motion for appointment of counsel should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Motion to Modify Term of Imprisonment Pursuant to the U.S. Title 18 USC § 3582(c)(2) Citing Amendment 706 to the United States Sentencing Guidelines" is **DENIED**.  [Doc. 58]

**IT IS FURTHER ORDERED** that defendant's letter to the Court dated December 3, 2009, which the Court construes as a motion for appointment of counsel, is **DENIED**.  [Doc. 57]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of December, 2009.