UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:07-CR-129 CAS |
| CHARLES HENRY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Charles Henry's Motion for Sentence Reduction filed under 18 U.S.C. § 3582(c)(2). The government opposes the motion. Defendant filed a reply memorandum and the Federal Public Defender also filed a reply memorandum on defendant's behalf, raising a new issue.[1] The government sought and was granted leave to file a sur-response to address the new issue raised in the reply filed by counsel. In addition, defendant filed a "Motion for Review of a Sentence Imposed in Violation of a Federal Law 18 U.S.C. § 3742." Both motions will be denied for the following reasons.

---

[1] It is not appropriate for defendant to file two replies, one pro se and one through counsel. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994). It is also generally improper to raise a new argument in a reply brief. See Federal Trade Comm'n v. Neiswonger, 580 F.3d 769, 775 (8th Cir. 2009). Because defendant is not entitled to relief under either the pro se motion or the new issue raised in the second reply, and because it appears the duplicate filings may have occurred as a result of miscommunication between defendant and his counsel, the Court finds it is in the interests of justice and efficiency to simply proceed and address both.

**Background**

On February 22, 2007, an Indictment was filed against defendant charging Possessing Fifty Grams or more of Cocaine Base (crack) with the Intent to Distribute. Defendant was arraigned on May 23, 2007. On June 11, 2007, Defendant waived his right to file pretrial motions. On June 20, 2007, defendant, after being advised of his pretrial motion rights, knowingly and voluntarily waived his right to a pretrial motion hearing on the record (Doc. 30). On August 30, 2007, a Change of Plea Hearing was held during which defendant pled guilty to the sole count of the indictment. The Court adopted the Presentence Investigation Report without objection by either party. On March 13, 2008, the Court sentenced defendant sentenced to 84 months imprisonment with a 3 year term of supervised release to follow (Doc 46). Defendant did not appeal his sentence, but filed a number of post-trial motions.

On October 31, 2008, defendant filed a Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). On November 10, 2008, the Court denied this motion on the basis that defendant's sentence already reflected the lower base offense level provided by the November 1, 2007 revisions to the Sentencing Guidelines pertaining to crack cocaine, noting that defendant had already received the benefit of the amended guidelines. See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 54).

On December 4, 2009, defendant filed a second motion for retroactive application of the sentencing guidelines under 18 U.S.C. § 3582(c)(2). This motion was denied by Memorandum and Order of December 10, 2009 (Doc. 59), on the basis that defendant had already received the benefit of the crack cocaine amendments to the sentencing guidelines. On June 7, 2010, defendant filed a motion for new trial which was denied by Memorandum and Order of July 27, 2010 (Doc. 65). On August 13, 2010, defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C.

§ 2255 in Henry v. United States, Case No. 4:10-CV-1510 CAS (E.D. Mo.), which was dismissed as time barred by Order dated November 30, 2010.

**Discussion**

    A. Claims in Pro Se Motion

Defendant raises the following claims in his pro se motion under 18 U.S.C. § 3582(c)(2):

(1) The sentencing hearing was unlawful and invalid because the Government failed to prove with competent evidence that the amount of cocaine base (crack) possessed by defendant was 69.44 grams. More specifically, defendant asserts that:

    a. The Government improperly used hearsay evidence at the sentencing hearing to prove the 69.44 grams amount; and.

    b. All claims that defendant possessed 69.44 grams of cocaine base are fraudulent.

    c. The Assistant United States Attorney and defendant's attorney committed "intrinsic fraud upon the court."

(2) Defendant is entitled to a sentencing variance under United States Sentencing Guidelines § 1B1.1 because the Court lacked jurisdiction under United States v. Lopez, 514 U.S. 549 (1995), as no federal nexus was established, and absent such a showing, no federal crime was committed by defendant and he should be resentenced to "time served" and released from custody.

Defendant also asserts in his Traverse that (1) his guilty plea was coerced by false information provided by his counsel, (2) he was threatened by the police and the government concealed the fact that the police officers "in question were proven liars and corrupt," and (3) equitable tolling applies to his jurisdictional arguments.

Having reviewed defendant's claims, the Court finds 18 U.S.C. § 3582(c)(2) is not applicable here and provides no basis for defendant's challenge to his sentence. Section 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that--"

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)

Under the language of the statute, this Court's authority to modify a final judgment is limited to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. See United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993). Defendant has not identified any amendment promulgated by the Sentencing Commission that would lower his sentencing range, therefore he is not entitled to a reduction pursuant to § 3582(c)(2). The Court is not free to ignore the requirements that Congress has established for modification of a criminal sentence. See United States v. Blackwell, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[ ] jurisdiction to do so.").

Defendant's claims, as set forth above, are not based on a lowering of the Sentencing Guidelines range subsequent to the imposition of sentence, and therefore no relief can be granted under 18 U.S.C. § 3582(c)(2).

B. Claim in Reply filed by Counsel

The second reply memorandum, filed by counsel, does not address any of the issues raised in defendant's § 3582(c)(2) motion, but rather argues that defendant is entitled to be resentenced under a retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which reduced the sentencing disparity between crack and powder cocaine. This

argument is foreclosed by Eighth Circuit precedent. The Eighth Circuit has held that the Fair Sentencing Act contains no express statement it is retroactive and as a result the "general savings statute," 1 U.S.C. § 109, requires the application of penalties that were in place at the time the crime was committed. United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010) (citing cases); see United States. v. Finch, No. 10-1157, __ F.3d __, 2011 WL 31517, at *4 (8th Cir. Jan. 6, 2011) (citing Brewer).

For these reasons, defendant's motion under 18 U.S.C. § 3582(c)(2) and the new claim raised in the reply filed by counsel should be denied in all respects.

    C. Defendant's Pro Se "Motion for Review of a Sentence Imposed in Violation of a Federal Law 18 U.S.C. § 3742."

As stated above, defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in Henry v. United States, Case No. 4:10-CV-1510 CAS (E.D. Mo.), which was dismissed as time barred by Order dated November 30, 2010. In the instant motion, defendant invokes 18 U.S.C. § 3742, 42 U.S.C. § 14141, the Violent Crime Control and Law Enforcement Act of 1994, the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3879d, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Defendant asserts that he was victimized by an act of "intrinsic fraud" when the Court refused to equitably toll his actual innocence claims in the closed § 2255 matter. Defendant asserts that his motion "is not to be construed as a second or successive § 2255 motion" and that the Court and the government are "attempting to procedurally bar review of a sentence imposed absent lawful jurisdiction, when jurisdiction in a criminal matter can never be waived." Mot. at 1-2. Movant then incorporates by reference all of the pleadings from his closed § 2255 matter as well as the § 3582 motion.

The Court construes defendant's pro se motion as an attempt to collaterally attack the Court's ruling dismissing his § 2255 motion. Defendant has not appealed the Court's dismissal of his § 2255 motion. Defendant cannot challenge the ruling in the § 2255 matter or raise the issues from that matter in this closed criminal case. Moreover, none of the statutes cited by defendant offers any support for his motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 66]

**IT IS FURTHER ORDERED** that defendant's Pro Se "Motion for Review of a Sentence Imposed in Violation of a Federal law 18 U.S.C. § 3742" is **DENIED**. [Doc. 77]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of January, 2011.